UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division



FILED
SEP 21 2011
CLERK, U.S. DISTRICT COURT
NORFOLK, VA

VIRGINIA BEACH RESORT &
CONFERENCE CENTER HOTEL
ASSOCIATION CONDOMINIUM d/b/a
VIRGINIA BEACH RESORT HOTEL &
CONFERENCE CENTER,

        Plaintiff,

v.                            CIVIL ACTION NO. 2:11cv437

CERTAIN INTERESTED UNDERWRITERS
AT LLOYD'S, LONDON SUBSCRIBING TO
CERTIFICATE NUMBER AS65009VAP00047,

        Defendant.

**MEMORANDUM OPINION AND REMAND ORDER**

This matter comes before the court on the motion of the plaintiff, Virginia Beach Resort & Conference Center Hotel Association Condominium, to remand this action to the Circuit Court for the City of Virginia Beach, Virginia ("Motion"). For the reasons set forth below, the court **GRANTS** the Motion for remand and **DENIES** both the plaintiff's and the defendant's requests for costs and attorneys' fees.

### I. Procedural History

On April 15, 2011, the plaintiff filed this action in the Circuit Court for the City of Virginia Beach, Virginia, requesting a declaratory judgment under Va. Code §§ 8.01-184, et seq., and alleging breach of contract by Markel International

Insurance Company, Lloyd's, aka Lloyd's of London, aka Underwriter's at Lloyd's, London, and Atlantic Specialty Lines. According to the instant defendant, Underwriters at Lloyd's, London Subscribing to Certificate Number AS65009VAP00047, service of the state court complaint occurred on June 15, 2011. See Def.'s Br. in Supp. of Opp'n to Mot. to Remand ¶ 1, ECF No. 15. On July 15, 2011, the state court entered an Agreed Order of Non-Suit and For Other Relief, ordering a non-suit of Markel International Insurance Company and Atlantic Specialty Lines and amending the plaintiff's complaint to properly name the current defendant. On July 27, 2011, the defendant filed its Answer and Grounds of Defense ("Answer"), as well as a Counter Complaint for Declaratory Judgment ("Counterclaim"). Subsequently, on August 4, 2011, the defendant filed its Notice of Removal in this court on the basis of diversity jurisdiction pursuant to 28 U.S.C. §§ 1332 and 1441(b).

On August 18, 2011, the plaintiff filed the Motion currently before this court. The plaintiff and defendant both agree that the case became removable to federal court on July 15, 2011, when the state court non-suited and dismissed an in-state defendant, creating complete diversity.[1] However, the plaintiff contends that the defendant waived its right to remove

---

[1] See Pl's Br. in Supp. of Mot. to Remand ¶ 2, ECF No. 12; Def.'s Brief in Supp. of Opp'n of Mot. to Remand ¶ 4, ECF No. 15.

2

the case to federal court by filing its Counterclaim prior to filing for removal, and therefore asks for: (1) the entry of an order remanding the matter to state court; (2) award of its costs and attorneys' fees in securing remand under authority of 28 U.S.C. § 1447(c); and (3) such further relief as may be warranted. Pl's Mot. to Remand 1-2, ECF No. 11.  On August 29, 2011, the defendant responded with its Opposition to Plaintiff's Motion, asking that the court deny the plaintiff's Motion and award the defendant its costs and attorneys' fees in defending the Motion.  Def.'s Opp'n to Pl's Mot. to Remand 1, ECF No. 14.  On August 31, 2011, the plaintiff filed a Reply Brief in Support of its Motion.  The Motion is ripe for review.[2]

## II. Analysis

### A. Waiver of Right to Removal

The plaintiff argues that the defendant's filing of its Counterclaim in state court, prior to the filing of its Notice of Removal, constitutes a waiver of the defendant's right to remove the case to federal court. See Pl's Br. in Supp. of Mot. to Remand 1, ECF No. 12.  There is no dispute that diversity jurisdiction is otherwise proper, or that the defendant, in fact, timely removed the action.[3]  The question is whether the

---

[2] The court finds a hearing unnecessary to resolve the motion.

[3] See supra note 1 and accompanying text.

3

prior filing of a voluntary counterclaim in state court is fatal to a subsequent removal effort. For the reasons set forth below, the court **FINDS** that under the circumstances of this case, the defendant waived its right to remove the case and, accordingly, the case warrants remand.

A defendant sued in state court has thirty days from the date it is served to file a notice of removal in the federal district court "for the district and division within which such action is pending." 28 U.S.C. § 1446(a),(b). Although there is no statutory basis for remand due to a party's waiver of its right of removal, "the Fourth Circuit Court of Appeals [has] recognized that a district court could find a waiver under common law, but only in very limited circumstances." Westwood v. Fronk, 177 F. Supp. 2d 536, 540 (N.D. W.Va. 2001) (citing Grubb v. Donegal Mut. Ins. Co., 935 F.2d 57, 59 (4th Cir. 1991)). "A defendant may waive the right to remove by taking some [] substantial defensive action in the state court before petitioning for removal." Aqualon Co. v. Mac Equip., 149 F.3d 262, 264 (4th Cir. 1998). To evaluate whether a defendant has waived its right, the court must make "a factual and objective inquiry as to the defendant's intent to waive." Grubb, 935 F.2d at 59 (quoting Rothner v. City of Chicago, 879 F.2d 1402, 1408 (7th Cir. 1989)). A defendant "may [] waive its 30-day right to removal by demonstrating a 'clear and unequivocal' intent to

4

remain in state court." Id. at 59 (quoting Rothner, 879 F.2d at 1416).

The plaintiff argues that the defendant's filing of its Counterclaim on July 27, 2011, eight days prior to filing its Notice of Removal on August 4, 2011, necessarily constitutes waiver of its right to removal. In support, the plaintiff cites Sood v. Advanced Computer Techniques Corp., 308 F. Supp. 239 (E.D. Va. 1969). In Sood, this court held that the filing of a voluntary counterclaim in state court constituted waiver of the right to removal because the defendant had "invoked the jurisdiction of the court in the same action, and by invoking, submitted to it." Id. at 240 (quoting Merchant's Heat & Light Co. v. J. B. Clow & Sons, 204 U.S. 286, 286 (1907)). Similarly, this court has also held that the filing of a voluntary cross-claim can constitute a waiver of the right to remove. See Baldwin v. Perdue, Inc., 451 F. Supp. 373 (E.D. Va. 1978); cf. Bryant Elec. Co. v. Joe Rainero Tile Co., 84 F.R.D. 120, 125 (W.D. Va. 1979) ("Suffice it to say that voluntary filing of a counterclaim or crossclaim in Virginia has been held to be a waiver of the right to removal."). The Fourth Circuit has cited both Sood and Baldwin when discussing what type of substantial defensive action could result in a waiver of a defendant's right to remove. See Aqualon, 149 F.3d at 264.

The plaintiff asserts that "a counter claim is not a defensive pleading" but instead an "offensive pleading," and that the "long standing law of the Fourth Circuit" mandates waiver. Pl's Reply Br. in Supp. of Mot. to Remand 2-3, ECF No. 16. The case law, however, does not reflect this distinction between "defensive" and "offensive" pleadings when making a determination of waiver. See, e.g., Aqualon, 149 F.3d at 264 (characterizing counterclaims and cross-claims as "permissive substantive defenses"). The more proper inquiry is laid out expressly by the Fourth Circuit in Grubb, namely whether the defendant demonstrated "a 'clear and unequivocal' intent to remain in state court." Grubb, 935 F.2d at 59 (quoting Rothner, 879 F.2d at 1416).

The facts in this case support such a finding. The defendant acceded to the plaintiff's Agreed Order of Non-Suit and For Other Relief, submitted on July 6, 2011, and entered by the state court on July 15, 2011, which both made the case eligible for removal and stated that the defendant accepted "the in personam jurisdiction" of the state court. Def.'s Br. in Supp. of Opp'n to Mot. to Remand ¶¶ 3-4, ECF No. 15; Agreed Order of Non-Suit and For Other Relief, Ex. 1, ECF No. 1. Then, twelve days later, on July 27, 2011, the defendant filed its Answer and Counterclaim in state court, but with no accompanying

Notice of Removal. The Notice of Removal was then separately filed in federal court on August 4, 2011, over a week later.

The defendant's filing of an answer was compulsory, and alone would not constitute a "substantial defensive action" demonstrating waiver. See Baldwin, 451 F. Supp. at 374-75 (stating that a defendant would not waive removal by filing only responsive pleadings). However, Virginia court rules reflect that the defendant's filing of its Counterclaim was voluntary and permissive.[4] Given this court's prior holdings in Sood and Baldwin, <u>the defendant's voluntary availment of the state court's jurisdiction in filing its Counterclaim demonstrates the requisite clear intent to remain in state court.</u> Cf. Westwood, 177 F. Supp. 2d at 541 ("[I]t is well-established that the filing of a cross-claim in state court equates to a 'clear and unequivocal intent' to accede to state jurisdiction" and "falls squarely within the 'extreme situation' recognized in Grubb.").

The defendant does argue, however, that the filing of a permissive counterclaim does not constitute automatic waiver, and that remand is only appropriate in an "extreme situation," citing the Fourth Circuit's opinions in Grubb and Aqualon, together with other cases discussed below. Defendant's first

---

[4] "A defendant may, at that defendant's option, plead as a counterclaim any cause of action that the defendant has against the plaintiff or all plaintiffs jointly, whether or not it grows out of any transaction mentioned in the complaint." Rule 3:9(a), Rules of the Supreme Court of Virginia.

7

assertion is correct; the Fourth Circuit has stated that a waiver determination turns on the objective intent of the defendant in its proceedings in state courts, so it cannot properly be termed automatic. However, the facts of this case are clearly distinguishable from the defensive actions taken by the defendants in Grubb, Aqualon, and the other cases denying remand cited by the defendant.

In Grubb, the Fourth Circuit affirmed the district court's determination that the defendant had not waived its right to remove when the defendant continued to participate in a summary judgment hearing after dismissal of a party during the hearing made the case removable. Grubb, 935 F.2d at 58-59. The district court noted it was unclear procedurally if the defendant could have even removed the case until the dismissal officially had been entered in the docket. Id. at 59. Such participation clearly constitutes a less substantial defensive measure than the filing of a permissive counterclaim, and yet the Fourth Circuit noted it "likely would have been compelled to affirm" a contrary finding by the district court that the defendant's behavior had demonstrated a "clear and unequivocal intent" to remain in state court. Id. at 60.

Other cases which denied waiver under circumstances not constituting the requisite "extreme situation" are equally

easily distinguished. In Aqualon, the defendant actually removed the case prior to filing any defensive pleadings in state court, thus no defensive measures actually took place before petitioning. See Aqualon, 149 F.3d at 264. In another recent case in this court, Abraham v. Cracker Barrel Old Country Store, Inc., No. 3:11cv182, 2011 U.S. Dist. LEXIS 49186 (E.D. Va. May 9, 2011) (Hudson, J.), Cracker Barrel Old Country Store ("CBOCS") filed several defensive actions prior to removal, including a motion to dismiss. The court characterized this conduct as "a protective measure taken to preserve the issue in the event that this Court remanded the case to state court," again inapposite to the defendant's actions in this case. Id. at *16. The court further distinguished CBOCS's motions from ones "seeking a final determination on the ultimate merits of the controversy," which would seem an apt description for the defendant's Counterclaim seeking declaratory judgment. Id.

The defendant also cites this court's rationale in Estate of Krasnow v. Texaco, Inc., 773 F. Supp. 806 (E.D. Va. 1991) (Cacheris, J.), addressing the issue of waiver in regards to a demurrer. The court stated that an underlying concern supporting waiver is that defendants may "test the waters in state court" and then remove if the results are unfavorable. Id. at 809; see Abraham, 2011 U.S. Dist. LEXIS 49186, at *16-17 (citing the same language). While this concern is certainly

9

well-founded and may be dispositive in certain cases,[5] the defendant here went beyond responding to the claim against it and filed its own claim, a much clearer demonstration of its intent to remain in state court. The absence of this factor alone, therefore, does not exclude remand.

The defendant's remaining assertion is that this court's decision in McWilliams v. Broderick, No. 1:11cv519, 2011 U.S. Dist. LEXIS 73101 (E.D. Va. July 7, 2011) (Cacheris, J.), provides the proper rationale for analyzing waiver in this case. In McWilliams, the defendant also filed "her answer and counterclaim in state court before removing the claim to federal court." Id. at *2-3. The plaintiff subsequently sought remand on the basis of waiver of the right to removal, which this court denied. Id. at *5. The defendant in this case asserts McWilliams, and its reasoning, necessitates an identical result.

However, applying the facts of this case to the rationale employed by this court in McWilliams further supports a determination that the defendant waived its right to removal. As the court stated in McWilliams: "It makes sense that, in some cases, the choice to file a counterclaim in state court will signify a clear and unequivocal intent to remain in state court." Id. (internal quotation marks omitted). Unlike in the

---

[5] For example, after a defendant's filing of and a state court's subsequent ruling on a demurrer, as was the case in Krasnow, 773 F. Supp. 806.

present case, the facts in McWilliams did not demonstrate this intent, as the defendant filed for removal a mere "90 minutes" after filing her counterclaim. Id. at *4 (emphasis in original). Under such circumstances, a court making a factual finding would be hard-pressed to determine clear and unequivocal intent on the part of the defendant in any direction.

In contrast, here the defendant filed its Notice of Removal on August 4, 2011, eight days after filing its Answer and Counterclaim in state court, and still longer after becoming aware of the case's eligibility for removal following the non-suit on July 15, 2011. The court does not intend to imply that a strict numerical test is wholly dispositive of the determination of waiver. Nonetheless, in light of similar holdings in Sood and Westwood, among others, the court **FINDS** that the defendant's actions in filing a voluntary counterclaim and availing itself of the state court's jurisdiction demonstrated a clear and unequivocal intent to remain in state court, and that the subsequent filing of a Notice of Removal eight days later, without any other countervailing factors or justification, is not sufficient to dissuade such a determination. Accordingly, the court **REMANDS** the case to state court for further proceedings on the basis of waiver of the right to removal by the defendant.

## B. Award of Costs and Attorneys' Fees

In addition to requesting remand, the plaintiff also requests costs and attorneys' fees in association with the Motion, as does the defendant. "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). "The standard for awarding fees should turn on the reasonableness of the removal." Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005) ("Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied."). Here, both the plaintiff and defendant agree that the case was eligible for removal.[6] The issue of waiver of the right to remove after a voluntary counterclaim, while addressed in Sood and a few other district court opinions within the Fourth Circuit, has not been addressed directly by the Fourth Circuit itself. This court's decision in McWilliams, although distinguishable on its facts, also provides reasonable grounds for the defendant's removal.

Absent controlling precedent, the defendant's removal of the instant case to this court cannot be said to be objectively unreasonable. See Kluksdahl v. Muro Pharm., Inc., 886 F. Supp.

---

[6] See supra note 1.

12

535, 540 (E.D. Va. 1995) (denying plaintiff's request for costs and fees for the removal of a case when only district courts, and not the Fourth Circuit, had issued decisions on the issue). Consequently, the plaintiff's request for costs and attorneys' fees is **DENIED**. Given the court's decision to remand, the defendant's request for costs and attorneys' fees is also **DENIED**.

### III. Conclusion

For the foregoing reasons, the court **GRANTS** the plaintiff's motion to remand and **DENIES** the plaintiff's and the defendant's requests for costs and attorneys' fees. This case is **ORDERED** remanded to the Circuit Court for the City of Virginia Beach for further proceedings. The Clerk is **DIRECTED** to effect the remand and to forward a copy of this Memorandum Opinion and Remand Order to all parties and to the Clerk of the Circuit Court for the City of Virginia Beach, Virginia.

**IT IS SO ORDERED.**

/s/
Rebecca Beach Smith
United States District Judge

REBECCA BEACH SMITH
UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
September 21, 2011

13